UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIN HUDUCEK,

                Plaintiff,

v.

KILOLO KIJAKAZI,

                Defendant.

_____/

Case No. 2:22-cv-11672

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING
REPORT AND RECOMMENDATION [15],
DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [13], GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [11], AND REMANDING
FOR PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)**

The Social Security Administration (SSA) denied a disability claim brought by Plaintiff Erin Huducek. ECF 1, PgID 2. After the SSA Appeals Council declined to review the ruling, Plaintiff sued Defendant Kilolo Kijakazi, then the acting Commissioner of the SSA, and requested judicial review of the denial. ECF 1. After the Court referred the matter to Magistrate Judge Elizabeth Stafford, the parties cross-moved for summary judgment. ECF 11; 13; 14. The magistrate judge issued a Report and Recommendation (Report) and suggested that the Court grant Plaintiff's motion, deny Defendant's motion, and remand the case under 42 U.S.C. § 405(g). Neither party objected to the Report.

## BACKGROUND

The Report properly details the events leading to Plaintiff's action against Defendant. ECF 15, PgID 1068–71. And there was no objection to the background portion. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects to the report. The Court need not undertake any review of portions of a report to which no party objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Here, because neither party filed objections, de novo review of the Report's conclusions is not required.

Individuals who receive an adverse final decision from the SSA may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the [SSA's] conclusions absent a determination that the [SSA] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An

administrative law judge (ALJ) may consider the entire body of evidence without directly addressing each piece of evidence in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

After reviewing the record, the Court finds that the magistrate judge's conclusions are factually based and legally sound. While no evidence suggests that the administrative law judge (ALJ) who denied the application used the incorrect legal standard, the Court agrees with the magistrate judge that the ALJ failed to properly consider both (1) Plaintiff's subjective migraine symptoms and how they affected Plaintiff's ability to do daily activities and (2) the medical opinion of Plaintiff's primary care doctor. ECF 15, PgID 1072; *Walters*, 127 F.3d at 528 (citations omitted). And because neither party objected to any part of the Report, the Court "need not undertake any review" of the Report. *Arn*, 474 U.S. at 149–50. The Court will therefore adopt the Report's findings, grant Plaintiff's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand the case to the Commissioner of the SSA for further proceedings under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] "[A] sentence four remand is a final and appealable order, and the district court's entry of judgment after a sentence four remand terminates the district court's jurisdiction over the case." *In re Various Soc. Sec. Cases Affected by Sixth Cir.*

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report and recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the Commissioner of the SSA for further proceedings under sentence four of 42 U.S.C. § 405(g).

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 5, 2023

---

*Decision in Hicks v. Berryhill*, No. 17-5206, 392 F. Supp. 3d 784, 788 (E.D. Ky. 2019) (citation omitted).

4